May it please the Court, Counsel, J. Jorgensen on behalf of Petitioner Yesenia García-Payeras. The question before the Court is whether the departure bar can be used to block a statutory right to have a motion to reopen heard on the merits. Let me go slowly, Counsel. The BIA did not decide based on the departure bar, right? That is incorrect. If you go to the last line of the BIA order, it states, we find no basis to disturb the immigration judge's decision, and the immigration judge's decision was jurisdictional, and it was stated that she did not have jurisdiction to hear the motion to reopen because Ms. García-Payeras was outside the United States when she filed it. If that's how we read that, why would the Board have gone through the other reasons for denying the petition? So the other reasons are just additional considerations that are set forward and actually are not even relevant to the motion to reopen because if we look at the first consideration that was put forth by the BIA, it states that Ms. García-Payeras, because her motion, it was in the immigration judge's discretion to deny her motion for telephonic hearing. We agree. We agree that she didn't have to grant the motion for telephonic hearing. That's not what this case is, and that's what Berrientos stated. The motion to reopen was on the basis that the immigration judge abused her discretion in denying a telephonic hearing. That's not what we're stating here. We're stating that Ms. García-Payeras missed her removal proceedings due to exceptional circumstances, which is a basis for rescission of an order for removal under 1229A because her failure to appear was due to exceptional circumstances, and that has never been heard on the merits because the immigration judge blocked it with the departure bar. So this reasoning regarding the telephonic hearing is not even applicable. So then if we go to the second reasoning that the BIA stated, it was that Ms. García-Payeras was not physically present in the United States, and so she was not eligible for asylum relief. And here they cite 208A1 of the Immigration and Nationality Act, and all of this paragraph states is an alien who is physically present in the United States may apply for asylum. Well, counsel, you know, that may be, and I'm going to have a conversation with the other side about this, that may be insufficient reasoning. That may be wrong, what the BIA said. But to get back to Judge Kelly and Judge Benton's questions, why isn't that the holding we're reviewing? Why do we have to get to the departure bar? It seems to me like there's two reasons. You may say that both of the reasons are legally insufficient, but why aren't those the reasons we're reviewing rather than the departure bar? Because clearly there was no factual determinations made in this case. And so this court would review the BIA for abuse of discretion, but it's hard to review a lower court's abuse of discretion when the court never exercised discretion. So there's been no factual findings. So in order to remand this case to the BIA to make a determination regarding exceptional circumstances, there would have to be authority for the BIA to hear exceptional circumstances. And right now we're stating that based on the departure bar, they don't have authority because Ms. Perez filed her motion when she was outside the country. And so then we would be right back here with the same exact argument. Let me ask this question a slightly different way. There's a case from about seven years ago from this court, Ortega-Marroquin, I hope I'm pronouncing that correctly, where a similar issue happened where the BIA didn't deal with the post-departure bar. And we said, look, we're going to send it back to the BIA. And they may go ahead and do that departure bar reasoning, but because it's not presented for us, we're not going to deal with it here. Why shouldn't we take the same approach here? And what's the significance, if any, of that particular decision? So in that case, it was sent back down to see whether there was trolling issues on whether she was timely, filed the motion to reopen. But here, it's a little bit different because any basis to decide this case, whether it's the DOJ's issue of abandonment, which was never properly raised, or the issue of exceptional circumstances, or any issue regarding the motion to reopen, the BIA has to have the authority to hear it. And right now, the immigration judge and the BIA are stating that they don't have authority. And so to just remand it on that issue alone would be a waste of judicial resources and ineffective because we'd be right back up here on the same issue. Not if you want on something else, right? It wouldn't be a waste of judicial resources, right? Well, correct. I guess if we want on something else, but the issue is our motion to reopen has never been heard. There's a statutory right to file a motion to reopen, and her reason for not appearing, that failure to appear, was because of exceptional circumstances. And to never be able to get there and never have it heard on the basis, we're not talking about the underlying asylum hearing claim. We're talking about her failure to appear at the hearing can be used in a motion to reopen on the basis of exceptional. What if we did decide that if, in fact, the board did not address the post-departure bar and we sent it back, what do you think would happen? Would the board be able to address that issue in the first instance since the IJ did? Or would it have to go back to the immigration court? Sorry, can you repeat? If we remanded this, for example, you said that they didn't address the exceptional circumstances, correct? Correct. You're saying, well, you've got to address the post-departure bar because otherwise you're sending it back and they still think that they don't have a jurisdiction. Would that issue be revisited at any point in the immigration courts, do you think? The post-departure bar issue? Yes. Yes. So I believe that if this case got remanded, we would be coming right back up because they would state that they can't decide exceptional circumstances. Now, wait. Oh, I'm sorry. You hit Judge Kelly. What I was going to say is if the board hasn't stated anything, would it have an opportunity to? Well, I think that the board has stated, in fact, that they won't disrupt the immigration judge's jurisdictional decision. And so I guess the only basis for our motion to reopen today and the only basis for the BIA to hear it is on the motion to reopen, so they would have to have authority to hear the motion to reopen. And so I guess if we sent it back down to the BIA, the BIA could state, I guess, if they conceded they had jurisdiction and would look at exceptional circumstances. But I think what will happen is it will be remanded and the BIA will state that there's the departure bar and we'll be right back up here. Counsel, don't you think, given the one-page order they did, not mentioning the post-departure bar, and there are two circuits, as my clerk says, that haven't ruled on that, the federal circuit and us are the only two, don't you think they're not going to breathe departure bar? Wouldn't that be the best prediction? Well, the BIA is clearly trying to get away from this departure bar because it's been invalidated by almost every other circuit that's heard it. And that's why the Department of Justice has raised the abandonment issue, which was never raised. So what's happening is they're trying to find these alternative arguments to not hear a motion to reopen, but the basis of it is the fact that they're really not getting into the factual determinations because getting into the factual determinations would be on the basis of a motion to reopen. So they're looking for other reasons and just not addressing the issue before them. But do you disagree? State it positively. Don't you think, that's the way to state it, don't you think they're not going to mention departure bar again in anything they send us? I think the BIA, if it gets remanded to the BIA, it depends on what it's remanded on the basis of, I guess. Fair statement. Go ahead. So here, if it's remanded because these two issues that it sets forth, these two other considerations are clearly just not anywhere relevant to Ms. Payer's motion to reopen. I guess there would be no other grounds for them to not decide the exceptional circumstances issue. I guess it's unclear what the BIA is going to say, but the thing is they're saying that they don't have the authority and they adopted the immigration judge's jurisdictional issue. And as you've already stated, that almost every other circuit has invalidated the departure bar, besides each circuit, on two lines of reasoning. One is the plain language and the other is the impermissible constriction of agency jurisdiction. And with the plain language of the statute, the exceptions state that, excuse me, the plain language of the statute states that an alien may file a motion to reopen. And there's nowhere in there where it says there's a geographic limitation. And presumably when Congress enacted the right to file a motion to reopen, they were aware of the post-departure bar and the federal regulations, knew of the geographic location requirement, and chose not to enact it. And so to now, under the presumption that was set forth in U.S. v. Johnson, exceptions in statute are presumed to have been considered by Congress, and then Congress chose not to enact, chose to only enact that limitation. You know, on the statutory interpretation line of cases, why isn't the departure bar a reasonable interpretation of the statute, the statutory scheme? Why are some of the other circuits not wrong on that point? Sorry, can you? Well, just why isn't it a reasonable interpretation of the statute, the departure bar? Why does it conflict with the statute? I mean, it seems to me like you can make a case that it's a reasonable interpretation of the statute, if we get to the departure bar point. So the departure bar, well, first, on the plain language, they're saying that there's no geographic limitation in there. And so the departure bar impermissibly constricts agency jurisdiction. So basically the BIA is taking a federal regulation and interpreting the departure bar as another restriction that was not set forth by Congress. Well, that's true, but the statute doesn't cover it either way. I'm really asking about does it conflict with the underlying statutory scheme? Does the regulation conflict? And I'm not – it's silent. It doesn't tell us that. It has other limitations, but does it conflict? And if not, is that important to your argument? It does conflict because it's a statutory right to file a motion to reopen, and there's nowhere in there where there's a geographic limitation. So that's where it conflicts with the plain language. And I realize that I'm eating into my rebuttal time, so if I can. You may. Mr. Hurley. Good morning. May it please the Court, James Hurley for the Attorney General. This petition for review should be denied because the Board did not abuse its broad discretion when it denied Ms. Garcia-Perez's motion to reopen her in absentia removal order. And I just have two points about that, where the Board didn't abuse its discretion. First, it found that Ms. Garcia-Perez was not excused from appearing at her November 25, 2015 hearing because she had notice of the hearing. She had an attorney and she was aware of it, and she had already conceded that she was removable. So the immigration judge was correct in November of 2015 when she issued an absentia removal order. What is the view of the United States on whether the departure bar is before us? As I said in my brief, because the Board didn't decide this case based on the departure bar, I'm not going to venture an argument on that like I didn't venture in the brief, but I'm not going to say that we concede that in the Eighth Circuit the departure bar wouldn't apply in any case. Does the DOJ have a position on that issue? We are still stating that it's valid, and we are arguing that it's a categorical exercise of discretion in the context of motions to reopen. But because we didn't get into the merits of that in my brief, and because we believe that the Board didn't decide this case on that issue, we're not going to defend the departure bar in this case. You have to look at, strictly speaking for the immigration judge, she just denied it strictly on the departure bar and didn't get into the merits. But then when you get to the Board's decision, they kind of go through the procedural history of the case, and they note that the immigration judge denied the motion to reopen based on the departure bar, but they didn't base their decision on that. They went into the merits, and they said that the immigration judge was correct back in November of 2015 when she issued the in absentia removal order, and the Board said in its decision, which I'm defending, that Ms. Garcia-Perez did not excuse her absence from that. Is that the same as a finding on the exceptional circumstances? Do you agree with counsel that that was not addressed? No, I would say it was addressed. I'd say that the Board denied the motion to reopen because she hadn't established the exceptional circumstances. Where is the explanation, any explanation about a rational explanation our cases require about exceptional circumstances? I'm looking at the Board's order. Well, it doesn't use those words. The Board doesn't use those words. If you read just the fourth paragraph where it discusses the Barrientos case where it says that an applicant is not excused from showing up just based on an 11th hour filing of a motion to continue or for a telephonic appearance. It doesn't use the word extraordinary or exceptional circumstances, but it says that the immigration judge was right in issuing the in absentia order. Well, isn't Barrientos different because there, the only explanation given was, you normally give telephone hearings, I get one too. That's all they said, right? And it's an unpublished opinion, right, not presidential. That's correct, but it's the same scenario where it was kind of a last minute issue. And in this case, if you look at the fact, Ms. Pierras went back to Guatemala in September of 2015. She had two months to ask for an extension, ask for a continuance. She already, I mean, the reason why she was first admitted to the country was she got a parole, and her attorney already asked for a continuance once in the case, and the immigration judge granted it. So suppose she was in the hospital, though, in the United States on the very day of the hearing and not only couldn't appear but couldn't appear telephonically either. What would be your view on that? That's the exceptional circumstance. That's the day of that's physically preventing her from being there. But this is, she went back to the country that she's saying she wanted protection from. She's seeking medical attention back in Guatemala, and it was two months before that. And you can't, even though there was some, I guess she went to Mexico City and talked to the embassy there and USCIS there, but the exceptional circumstances in the hospital, that hypothetical, has to do with something that prevents her from getting there that day. Well, you may very well prevail on that issue, but why not let the BIA give us exactly the explanation that you're giving us rather than trying to rely on a, because really we're relying on a parenthetical to an unpublished Eighth Circuit decision that, as Judge Benton points out, is not directly on point. So why not let the BIA explain that to us? I'm saying that the Board could do a better job of explaining it, but I think they'd come to the same conclusion where, based on the facts of the case, where Ms. Pelliaras, Garcia Pelliaras, she had the opportunity to apply for asylum, and she applied. She was paroled in the country. She had a valid asylum claim or application, and that was being adjudicated by the immigration judge, but then she voluntarily, on her own volition, she returned to Guatemala on her own. And the excuse that she gave just wasn't sufficient for the immigration judge and later on for the Board either. So what we're arguing is that the Board denied her motion to reopen for the same reason that the immigration judge denied her the motion for a telephonic hearing, that she didn't excuse her absence based on her return home. Is there any significance to the fact that the immigration judge and the BIA didn't use precisely the same grounds? In other words, the immigration judge really relied on the departure bar, and the reasoning was for the departure bar, and said, I don't have the jurisdiction to decide this, so it really didn't get into the merits. And then you have the BIA coming in and saying, well, we're not going to disturb that, but we're going to say potentially no exceptional circumstance here without reasoning. Is that significant, that divergence in reasoning for how we deal with this? Well, the answer to that is in the Board's decision where it says we review the immigration judge's findings for clear error, but questions of law, discretion, and judgment. The whole motion to reopen is a discretionary determination. It's reviewed by you all for abuse of discretion, so the Board recognized that. They didn't sweep it under the rug, but they said exercising our de novo discretionary review, we find that even though the immigration judge said departure bar, we're going to say that she didn't excuse her failure to appear. The word departure bar doesn't appear, though, right? Are any words in BIA's opinion right? I think it's just summarizing the procedural history, doesn't it, the immigration judge denied it based on the departure from the United States. It's the bottom of the third paragraph where it's kind of summarizing the procedural history, and it says the immigration judge denied the respondent's motion to reopen because she determined the court did not have jurisdiction based on the departure. It recognized that, but it said we're going to actually get to the merits, and the next paragraph is what they did. They said that she just didn't excuse her failure to appear. You think they mentioned it, but they didn't decide based on it. That's your position. Correct, and it's not like they're ignoring it or sweeping it under the rug. They just said it's there. And then the second point, the first point being that Ms. Garcia-Perez wasn't excused from appearing at the November hearing,  and in that instance, she already had her first valid viable asylum application, and once she left the United States voluntarily, she abandoned that application. So when the immigration judge's inabstential order came down, her case, she was order removed, and that case was over. So you're not adopting then the BIA's reasoning. The BIA didn't say it was abandonment, which is the claim you're raising in your brief. They used 8 U.S.C. Section 1158A1. Yeah, well, I'm explaining it. I'm not diverging from it. You have to kind of, it presupposes that her first application was abandoned in order for them to say that she's not eligible to apply for asylum because it wouldn't make any sense for the board to say, oh, she's not eligible to apply for asylum because she's not in the United States. She already did, but that application was abandoned when she voluntarily returned to the country that she was claiming persecution. Now correct and qualify me again, but abandonment's not mentioned here, right? It isn't, and I'm providing a gap for the board in this case where they said that they found that after the inabstentia order, her original claim was abandoned, and then currently, because it says moreover, it denied the motion to reopen in absentia. It affirmed or supported that, and then it said right now she can't apply for asylum because she's not in the United States. Without filling in the gaps, though, if we were to take this reasoning at face value and she had applied and then there was no abandonment, this particular analysis by itself only requires that the application occur while she's in the United States, and anything subsequent to that has to be dealt with by something else. So taking this on its face, if this is the sole reason to deny, that would be legally incorrect because she was in the United States when she applied, right? She was, and her first asylum application was perfectly valid. This statement by the board doesn't make any sense at all because she was paroled in the United States and she was permitted to file that first application. But you have to read this comment by the board with the idea that after she voluntarily returned to Guatemala, that first application was gone. And in a motion to reopen, she can't file a new or file an asylum claim. Correct me if I'm wrong, but is the abandonment a presumption that then can be overcome by the applicant? Is it a presumed abandon? Well, I think that the words of the regulation are that the applicant can get a parole, can leave the United States, and I believe, I'm not 100% certain, but I think it's presumed to be abandoned. So does that affect the analysis then? So maybe that's true, but would she have an opportunity to, it seems you could have an opportunity to rebut a presumption as opposed to an absolute statement that your departure indicates or establishes abandonment. I think that's correct. I think it's, and when I mentioned the Lin case from the Second Circuit, that's the language that they used when they found out that he returned to China, his asylum application was presumed. Does that affect then your filling in the blanks of what the last, of the citation to that one limited statutory provision would mean from the board then? In other words, could they have scooped in that entire abandonment analysis if it would have required some kind of determination of whether it was in fact abandoned or whether she had overcome a presumption? Well, I think the board could have done a better job of explaining exactly what it did, but I think that in this case when the board was using that language about she couldn't get asylum based on 208A1 because she wasn't present, that's after the first analysis saying that she didn't excuse her absence, so she returned to Guatemala and she couldn't apply for asylum now based on the fact that she wasn't there. You definitely believe it's a presumption and rebuttable, right? That's what the regulation says. Says, and also what the circuits have said. Yes. One you cited, in fact. Go ahead. So those are my two points about this case. Are there any further questions? The government asks that you deny the petition for review. Thank you. Ms. Jorgensen. So we believe this is a threshold. The threshold issue needs to be decided in this case, but even if it's not, the two issues that are given by the BIA are not applicable to the motion to reopen, and it needs to be remanded for fact finding. If it's remanded for the fact of whether Ms. Payare has abandoned her claim, well, first, there's no factual determinations were made, so it would have to, I mean, it is a rebuttable presumption, and there's been no factual findings of whether Ms. Payare was able to overcome this presumption of abandonment. And third. Counsel, on the two grounds, I mean, if you look, you heard us have a conversation with opposing counsel about this. They did cite the Berrientos case, the unpublished case, and, you know, the parenthetical seems to be somewhat on point. You have to dig into the case as Judge Benton mentioned to be able to figure out that it doesn't actually. It's not on all fours. But why isn't that a finding on the merits? Why isn't that enough to tell us that they denied it based on exceptional circumstances? It's thin. Don't get me wrong. Really, really thin. But why isn't it enough? Because there's no, it's reviewed for an abuse of discretion. There's no factual determinations made on this issue, and it's a totality of circumstances explanation, and they never did a totality of circumstances explanation. So that's why we can't get there, because you can't abuse, or you can't review an abuse of discretion when they never exercise their discretion of why they ruled that way. So that's why that that case does not get us there. And so even if we go back down to the BIA and have them clarify what this is, if it's the issue of abandonment, the issue of abandonment is only raised in direct relation to a motion to reopen. So without the motion to reopen, we don't even get to abandonment. And so to hear, it's the direct basis and defense to deny a motion to reopen. So the lower court would have to have the authority to hear a motion to reopen in order to hear of the abandonment issue. And so we would believe that that threshold jurisdictional issue, again, would have to be determined by this court in order to have the BIA be able to determine the abandonment issue. And then for, I think, regardless of the fact we're here today because this was a, the order was never heard on the merit, or the BIA never determined Ms. Paris' motion to reopen on the merits. And while we believe that he adopted, that the BIA adopted the immigration judge's jurisdictional basis, and that it said it would not disturb the basis of the immigration judge's jurisdictional, we believe that the threshold issue of the departure bar is here before the court today. And we would ask that the court invalidate the departure bar and remand this case to the BIA for determination on the merits of whether exceptional circumstances existed in this case. If there's no other questions from the court. Thank you, Counselor, for the argument. Case number 17-1584 is submitted for decision.